UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Law Offices of Andy Winchell, P.C.
45 River Road, Suite 3
Summit, New Jersey 07901
Telephone No. (973) 457-4710
andy@winchlaw.com
By: Andy Winchell [AW-6590]
Attorney for the Debtors

In Re:

John George Ascione
Nancy Jean Ascione

Case No.: 12-31258
Chapter: 13

### RESPONSE TO TRUSTEE'S
### OBJECTION TO DEBTORS' EXEMPTIONS
### CAPTIONED AS OBJECTION TO PLAN CONFIRMATION

John George Ascione and Nancy Jean Ascione, the debtors in the above-captioned case (the "Debtors"), hereby respond to the objection to the Debtors' exemptions captioned as an Objection to Plan Confirmation (the "Objection") filed by the chapter 13 trustee (the "Trustee").

The Debtors filed amended schedules and a modified plan on or about January 28, 2015. The Debtors removed an inadvertent exemption for a tax refund they received and spent prior to their petition date and instead exempted the equivalent worth of insurance payments that they received as a result of Mr. Ascione's mother's passing, along with $2,982.44 for which the Debtors had sufficient exemptions available. There were no other amendments to the Debtors' schedules or exemptions. The Debtors amended their plan (the "Plan") to pay the value of the non-exempt insurance payments to the Trustee.

The Debtors are pleased to see that the Trustee has no objections to the Plan. The Debtors presume that the Court will confirm the Plan accordingly.

The basis of the Trustee's Objection, however, that the Debtors' original exemptions are somehow improper, has been moot for over two years. The time for objecting to the original exemptions on a bankruptcy petition is within 30 days of the 341(a) meeting of creditors. The Trustee did not object to the exemptions that the Debtors listed in 2012. Thus, any such objections are moot now.[1]

With respect to the Debtors' amended exemptions, the Debtors are exempting $6.923.44 in insurance proceeds that they received after the commencement of this case. It is without question a definite interest in a definite amount. Thus the Debtors disagree with the basis for the Trustee's Objection with respect to their amended schedules.

WHEREFORE, the Debtors request that the Court overrule the Trustee's Objection in its entirety.

Dated this the 12th day of February, 2015.

/s/ Andy Winchell
Law Offices of Andy Winchell
45 River Road, Suite 3
Summit, New Jersey 07901
973-457-4710
andy@winchlaw.com
Attorney for the Debtors

---

[1] To the extent that the Trustee might have objected to the use of "$1.00" as a placeholder for contingent or unknown property interests and exemptions, such convention has been an accepted practice at least since the Eleventh Circuit's decision in Allen v. Green (In re Green), 31 F.3d 1098 (11 Cir. 1994), over two decades ago. The Debtors' counsel has been listing such rights for approximately five years without incident. When the Third Circuit issued the decision of In re Orton, 687 F.3d 612 (3d Cir. 2012), the Debtors' counsel began adding the new notation found at the end Schedule B indicating that the Debtors are listing such value to express uncertainty consistent with In re Green rather than to indicate an actual value of $1.00 as interpreted by In re Orton.